Brandon A. Keim (028831)
**FRAZER RYAN GOLDBERG & ARNOLD LLP**
1850 N. Central Ave, Suite 1800
Phoenix, AZ 85004
Phone: 602-200-7399
E-mail: bkeim@frgalaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Govig & Associates, Inc., an Arizona corporation; Todd A. Govig; Richard A. Govig and Jeanette H. Govig, spouses,<br><br>Plaintiff,<br><br>v.<br><br>United States of America; Internal Revenue Service, Department of the Treasury;<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Govig & Associates, Inc., Todd A. Govig, Richard A. Govig and Jeanette Govig (collectively hereinafter the "Plaintiffs"), by and through undersigned counsel complains and alleges as follows:

**Summary of the Case**

1. On or about August 26, 2019, the Internal Revenue Service ("IRS") imposed I.R.C. § 6707A penalties for Tax Year 2015 on Plaintiff Jeanette Govig ("Jeanette") for failing to disclose participation in a Death Benefit Trust/Restricted Property Trust implemented by Govig & Associates, Inc. in 2015 (the "Govig DBT/RPT"), that the IRS unilaterally determined was the "same as or substantially similar" to a certain transaction it had identified in Notice 2007-83 as an alleged listed transaction.

2. On or about October 15, 2020, the IRS proposed assessments of a § 6707A penalty for Tax Years 2015-2017 on Jeanette, Richard Govig ("Richard"), Todd Govig ("Todd"), and Govig & Associates, Inc. ("GA") for the same reasons identified in the preceding paragraph as follows:

| | | |
|---|---|---|
| 2015: | Jeanette/Richard | $10,000.00 |
| | Todd: | $ 5,000.00 |
| | GA: | $10,000.00 |
| 2016: | Jeanette/Richard: | $66,207.00 |
| | Todd: | $61,824.00 |
| | GA: | $10,000.00 |
| 2017: | Jeanette/Richard: | $37,854.76 |
| | Todd: | $40,338.00 |
| | GA: | $10,000.00 |

3. On March 3, 2022, the United States Court of Appeals for the Sixth Circuit set aside Notice 2007-83. In a unanimous decision authored by Chief Judge Jeffrey Sutton, the Sixth Circuit held that "the IRS's process for issuing Notice 2007-83 did not satisfy the notice-and-comment procedures for promulgating legislative rules under the APA." *Mann Constr., Inc. v. United States*, 6th Cir. No. 21-1500, 2022 U.S. App. LEXIS 5668, at *19 (Mar. 3, 2022).

4. In light of the Sixth Circuit's decision in *Mann Constr., Inc.* setting aside Notice 2007-83 as unlawful, Defendant is required to refund the § 6707A penalties Jeanette paid for tax year 2015, and further cease the unauthorized collection of penalties imposed on Plaintiffs pursuant to the invalidated Notice in each of the years 2015-2017.

**Parties, Jurisdiction, and Venue**

5. GA is duly authorized corporation in Arizona, with its principal place of business in Scottsdale, Arizona.

6. Todd is an individual residing in Scottsdale, Arizona.

7. Richard and Jeanette are married individuals residing in Scottsdale, Arizona.

8. Defendant is the United States of America, Internal Revenue Service of the Department of the Treasury.

9. The Internal Revenue Service ("IRS") is a bureau of the Treasury Department, an administrative agency of the United States of America.

10. This is an action to set aside final agency action, namely Notice 2007-83, in accordance with the Administrative Procedures Act, and to obtain a refund pursuant 26 U.S.C. § 7422.

11. This Court has jurisdiction over the subject matter of this action pursuant to 5 U.S.C. § 702. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1346(a)(1) because this is a civil action against the United States for the recovery of an internal revenue tax that was erroneously assessed and collected, and because, pursuant to 26 U.S.C. § 7422, Jeanette previously filed a claim for refund with the IRS consistent with the law and regulations relating to the same.

12. Venue is proper in this Court under 28 U.S.C. § 1402(a)(1), which authorizes corporations and individuals to prosecute an action in the judicial district where the corporation's principal place of business is located, and where individuals reside. Plaintiffs' principal place of business and residences are in Scottsdale, Arizona, making venue in this Court appropriate.

**Background and Facts**

13. Plaintiffs file this lawsuit for three reasons. First, Jeanette demands a refund of the § 6707A penalty paid for tax year 2015. Second, Plaintiffs seek to have Notice 2007-83 vacated and set aside due to the IRS's failure to comply with the Administrative Procedure Act ("APA"). Third, the IRS should be ordered to cease the unauthorized collection of further penalties imposed on GA, Todd, Jeanette and Richard pursuant to the invalidated Notice 2007-83.

14. The Notice is unlawful for three reasons. First, as determined in *Mann Constr., Inc.*, the IRS unlawfully issued Notice 2007-83 without first complying with the mandatory notice-and-comment provisions of the APA (5 U.S.C. § 553) and, therefore, the Notice must be set aside. Second, Notice 2007-83 is *ultra vires* in nature, lacking underlying authority and the reasoned-analysis footing required by the APA (5 U.S.C. § 706(2)(A)). Third, Notice 2007-83 must be aside as an agency action that is arbitrary and capricious.

15. Additionally, the transaction engaged in by Plaintiffs – the Govig DBT/RPT – is not the same as or substantially similar to those transactions identified in the Notice, as required by T. Reg. §1.6011-4(b)(2) for such penalty to be imposed. The United States is estopped from arguing otherwise at least for Tax Year 2015 because of the Judgment entered May 13, 2021 in *Govig & Associates Incorporated, et al., v. United States of America*, CV-20-02278, Document 20 (the "2020 Litigation").

**Notice 2007-83**

16. On or about November 5, 2007, the IRS issued Notice 2007-83 entitled "Abusive Trust Arrangements Utilizing Cash Value Life Insurance Policies Purportedly to Provide Welfare Benefits" (the "Notice").

17. Based on the express language of the Notice, without regard to the laws enacted by Congress, duly issued Treasury Regulations, and the APA, the IRS exceeded its authority when issuing the Notice by, among other things, expressly stating the tax benefits for transactions involving permanent life insurance are wrong for federal income tax purposes. The authority granted to the IRS to identify transactions requiring additional reporting does not extend to making a declaration that tax reporting of a particular transaction is wrong. The latter is clearly within the exclusive authority of Congress – not the IRS or the Treasury Department.

18. The IRS' proclamation within the Notice as to allowable deductions under the Federal income tax laws, which is exactly how the IRS enforces the Notice, will

necessarily result in taxes and penalties to the Taxpayers if the Taxpayers dare to engage in conduct allowed by the express terms of the Internal Revenue Code. As a result, taxpayers can engage in the costly, time-consuming expense of completing a Form 8886 (without regard to whether or not the subject transaction is the same or substantially similar) to report a transaction that the IRS pre-determined will result in taxes and penalties.

19. This effort to modify taxpayer behavior to conform to the desires of the IRS exceeds the IRS' authority to merely identify transactions requiring reporting and is more akin to legislating.

20. The IRS issued the Notice without following the APA's notice-and-comment requirements.

21. After identifying a transaction as a Listed Transaction, the IRS provides that all parties participating in a transaction that is the same as or substantially similar to the transactions described in the Notice are required to report or disclose their participation in such transaction by filing a Form 8886.

22. The failure to file the Form 8886 results in the IRS imposing a penalty in accordance with § 6707A(b)(1). For individuals, this penalty is 75% of the decrease in tax shown on the return as a result of engaging in the transaction.

23. Despite § 6707A(b)(1) allowing the IRS to impose a penalty even if the subject transaction were respected for Federal income tax purposes, § 6707A(b)(1) penalty only applies *after* a transaction is properly identified as a listed transaction pursuant to § 6707A(c)

24. A transaction is substantially similar, as set forth in T. Reg. 1.6011-(4), if: (a) it is expected to obtain the same or similar types of tax consequences; **and** (b) is either factually similar or based on the same or similar type of tax strategy.

25. The Notice further goes beyond the authority granted to the IRS to identify transactions requiring disclosure, changing and narrowing terms defined in the I.R.C. (*e.g.*,

"qualified cost"), and sets forth unclear and inconsistent interpretations of I.R.C. provisions, namely I.R.C. § 419.

***Govig & Associates, Inc. Benefits Trust***

26. GA is a specialized executive recruiting agency. GA is taxed as an "S" corporation for federal income tax purposes in accordance with subchapter S of the Internal Revenue Code of 1986, as amended.

27. At all relevant times, GA was owned as follows:

> Todd Govig Family Revocable Trust – 5%
> Richard & Jeanette Govig Revocable Trust – 5%
> Richard A. Govig Trust (Irrev.) – 23.967%
> Jeanette H. Govig (Irrev.) – 23.967%
> Todd A. Govig Trust (Irrev.) – 42.066%

28. Todd is the President of GA. Of the individual Plaintiffs, Todd is the only one involved in the day-to-day operations of the business and the only one of the Plaintiffs that is a participant in the Govig & Associates, Inc. Death Benefit Trust and Restricted Property Trust (the "Govig DBT/RPT").

29. Executive recruiting companies are engaged in a highly competitive industry and the success of businesses such as GA requires hiring, training, then retaining key employees. Other recruiting companies regularly seek to poach talent from competitors.

30. In the interest of ensuring its continuity in the event of Todd's untimely death and to retain key employees, GA adopted the Govig DBT/RPT in 2015. The terms of the Govig DBT/RPT were set forth in the Benefits Trust, executed by GA and an independent trustee who had sole responsibility for administering the plan. The Benefits Trust set forth the terms and conditions of the two separate sub trusts, the Death Benefit Trust and the Restricted Property Trust. The Death Benefit Trust and the Restricted Property Trust were each irrevocable trusts.

31. On September 8, 2015, GA adopted the Govig DBT/RPT through which the benefits set forth therein were provided to the Participants.

32. The independent trustee of the Govig DBT/RPT was Aligned Partners Trust Company, Inc., an independent trust company based out of Pittsburgh, Pennsylvania (the "Trustee"). The Trustee had no affiliation to GA, or any of the individual Plaintiffs. The Trustee received an arms-length reasonable fee for the services it provided.

### GA's 2015 Form 1120S

33. On or about July 22, 2019, the IRS issued a proposed adjustment to the GA Form 1120S disallowing a deduction of $359,992 for contributions to an "employee benefit program."

34. The amount $359,992 was not deducted by GA on the Form 1120S, and as such, no decrease in taxable income flowed through to GA's owners as a result of the contribution to the "employee benefit program."

35. Despite this, the IRS proposed disallowing income tax deductions on July 22, 2019, then on July 30, 2019, the IRS issued proposed assessments of a § 6707A penalty.

36. The proposed assessments provided the Plaintiffs until August 1, 2019 to appeal.

37. However, the proposed § 6707A assessments were not received by Plaintiffs until August 5, 2019.

38. The proposed income tax adjustments were received just prior to August 1, 2019. At that time, the Plaintiffs' advisors called the IRS's revenue agent to object to the proposed assessments, but the agent indicated that, due to the statute of limitations expiring soon, she was required to determine the taxes and penalties.

39. The Plaintiffs sent a letter to the IRS objecting to the proposed assessments, despite being beyond the supposed August 1, 2019 appeal deadline.

40. The IRS did not respond to the Plaintiffs' protest or otherwise advance the protest to appeals. Instead, on August 23, 2019, with respect to Tax Year 2015, GA was

7

issued notice and demand in the amount of $10,000 for a § 6707A penalty, on August 26, 2019, Richard was issued notice and demand in the amount of $29,122.26 for a § 6707A penalty, and on August 26, 2019, Todd was issued notice and demand in the amount of $51,831.25 for a § 6707A penalty, and Jeanette was issued notice and demand in the amount of $29,122.26.

41. With respect to the preceding, GA, Todd and Richard filed Forms 843 requesting a refund, and pursuant to the Judgment in the 2020 Litigation, the refunds were issued.

42. Jeanette did not receive a refund as part of the 2020 Litigation as she had not previously filed a Form 843 requesting a refund. Jeanette filed a Form 843 for the § 6707A penalty paid in 2015 on or about March 11, 2021. The IRS has not issued Jeanette a refund, and more than six months has passed since her claim for refund was filed with the IRS.

43. During and subsequent to the 2020 Litigation, the IRS was investigating whether the Plaintiffs were required but failed to file Form 8886 for Tax Years 2016 and 2017.

44. On or about October 15, 2020, the IRS proposed adjustments to GA's Form 1120S for Tax Years 2016 and 2017. These adjustments served as the basis for the proposed § 6707A penalties described in Paragraph 2, *supra*.

45. Amazingly, despite the Judgment in the 2020 Litigation, the IRS also proposed § 6707A penalties for Tax Year 2015 as described in Paragraph 2, *supra*.

46. Plaintiffs timely filed a protest of the § 6707A assessment, and despite the ruling in *Mann Constr. Inc.* setting aside the Notice, the IRS Appeal's Officer sustained the § 6707A penalties on the basis that the IRS considers the Notice to still be valid. The IRS's position is unjustified.

**Count One: Failure to Provide Notice and Opportunity for Comment in Violation of the APA**

47. Plaintiffs incorporates by reference the above paragraphs of the within Complaint.

48. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

49. The APA further empowers this Court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

50. Pursuant to the APA, "rules" promulgated by an agency must be published in accordance with notice-and-comment procedures. 5 U.S.C. § 553. An agency's failure to comply with the mandated notice-and-comment procedures is grounds for invalidating the rule.

51. Notice 2007-83 is a "rule" within the meaning of the APA, defined as the "whole or part of an agency statement of general or particular applicability and future effect designated to implement, interpret, or prescribe law or policy." *See* 26 U.S.C. § 551(4).

52. The IRS is an "agency" within the meaning of the APA. *See* 5 U.S.C. §§ 551(1) and 552(f)(1).

53. Notice 2007-83 qualifies as a "substantive" or "legislative-type" agency rule, which is the type that, prior to its promulgation, must be subjected to the APA's notice-and-comment regime as a matter of law. *See* 5 U.S.C. § 553.

54. Taxpayers, such as Plaintiffs, did not have a duty to report its participation in the DBT/RPT before the issuance of the Notice. Therefore, Notice 2007-83 changes taxpayers' rights and obligations.

55. Before a substantive rule such as the Notice 2007-83 may take effect, the APA requires the agency to issue a notice of proposed rulemaking that includes "either the

terms or substance of the proposed rule or a description of the subjects and issues involved" in order to "give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments." 5 U.S.C. § 553(b)(3) & (c).

56. In issuing Notice 2007-83, the IRS admittedly failed to comply with the APA's notice-and-comment requirements.

57. On March 3, 2022, the United States Court of Appeals for the Sixth Circuit set aside Notice 2007-83. *See Mann Constr., Inc.*

58. Prior thereto, with respect to purported material advisors of alleged reportable transactions, challenges to such IRS notices under the APA could be brought prior to paying the penalty and requesting a refund. *CIC Servs., LLC v. IRS,* ___U.S.___, 141 S.Ct. 1582, 209 L.Ed.2d 615 (2021).

59. No potential exceptions to the notice-and-comment requirements apply to Notice 2007-83 as it is neither an "interpretive rule" under 5 U.S.C.§ 553(b)(A), nor was there any finding of good cause to bypass such procedural requirements in accordance with 5 U.S.C. §§ 553(b)(B), (d)(3).

60. Having failed to comply with the notice-and-comment rulemaking requirements, Notice 2007-83 was promulgated unlawfully and Plaintiffs have been and will continue to be adversely affected by Defendant's unlawful conduct, which is reviewable by this Court under the APA, 5 U.S.C. § 706.

61. The IRS acted unlawfully in promulgating Notice 2007-83 and the Department of the Treasury participated in such unlawful action by the delegation of its authorities and otherwise.

62. Plaintiffs have sustained actual damages that are concrete and particularized in nature.

63. Plaintiffs have no adequate or available administrative remedy; in the alternative, any effort to obtain an administrative remedy would be futile.

64. Plaintiffs have "no other adequate remedy in a court" and, therefore, the agency's action is subject to judicial review.  5 U.S.C. § 704.

**Count Two: Unauthorized Agency Action in Violation of the APA**

65. Plaintiffs incorporate by reference the above paragraphs of the within Complaint.

66. Notice 2007-83 is an "agency action" within the meaning of 5 U.S.C. § 702.

67. The APA forbids agency action "in excess of statutory jurisdiction, authority, or limitations." *See,* 5 U.S.C. § 706(2)(c).

68. Section 6707A authorizes the Secretary to identify listed transactions. But such listed transactions, including those that are the same as or substantially similar, must be specifically identified. 26 U.S.C. § 6707A(c)(2)

69. Notice 2007-83 describes certain transactions promoted to small businesses as a way to provide "cash and other property" to the owners of the business on a tax-favored basis.  Notice 2007-83 generally describes the claimed tax benefits of such transactions.

70. However, neither the claimed tax benefits nor the elements of the transactions are described with the requisite specificity.  The effect of not clearly specifying the transactions subject to Notice 2007-83 is that taxpayers who may be engaging in legitimate transactions, not abusive tax-avoidance transactions, will be forced to make disclosures required by Notice 2007-83 lest they subject themselves to substantial penalties under 26 U.S.C. § 6707A.

71. Moreover, by not specifically identifying the transactions subject to the Notice, the IRS is provided the opportunity to later define transactions in its opinion that are covered by the Notice.

72. Notwithstanding the IRS's statutory obligation to specifically identify listed transactions, basic notions of due process require the IRS to specifically identify transactions that could result in penalties if the disclosure requirements arising from the Notice are not complied with.

73. Not even a taxpayer's obligation to interpret the "broad disclosure requirements" as set forth in T. Reg., 1.6011-4(c)(4) can be complied with when the IRS has the ability to establish and then change, or fail to establish and then later define, the specific transactions subject to the Notice.

74. Plaintiffs have been adversely affected or aggrieved by this agency action.

75. The disclosure requirement adopted by the government in Notice 2007-83 arbitrarily, unreasonably and unlawfully changes the definition of "qualified cost" and, using unnecessarily vague wording, requires taxpayers to file a Form 8886. Further, it recasts as "abusive trust arrangements…purportedly to provide welfare benefits" transactions that otherwise are compliant with T. Reg. 1.409A-1(a)(5).

76. The agency action in question is final in that, among other things, it operates as a substantive rule binding both the IRS and taxpayers, produces legal consequences, and creates taxpayer obligations.

77. If not set aside, Notice 2007-83 will continue to cause undue confusion and improperly and unnecessarily require Plaintiffs and other taxpayers to file a Form 8886, and, as a result, subject themselves to costly and unwarranted audits.

78. Plaintiffs have sustained actual damages that are concrete and particularized in nature.

79. Plaintiffs have no adequate or available administrative remedy; in the alternative, any effort to obtain an administrative remedy would be futile.

80. Plaintiffs have "no other adequate remedy in a court" and, therefore, the agency's action is subject to judicial review. 5 U.S.C. § 704.

**Count Three: Arbitrary and Capricious Actions in Violation of the APA**

81. Plaintiffs incorporate by reference the above paragraphs of the within Complaint.

82. The APA forbids agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

12

83. This provision of the APA requires federal agencies to give adequate reasons for their decisions and regulations. If an agency fails to provide a reasoned explanation for its action, that action is arbitrary and capricious and must be set aside.

84. The IRS's conduct in promulgating the Notice was arbitrary, capricious, unsupported by a reasoned basis, and contrary to law. The IRS, among other things, did not provide adequate reasons for why it was issuing the Notice.

85. Had the IRS permitted and reasonably considered public comment prior to the issuance of the Notice, it would have been alerted to facts and problems, and it would have had an opportunity to adjust the Notice accordingly. Its failure to do so is further evidence of arbitrary and capricious decision-making.

86. The administrative record relative to the Notice does not include relevant facts and data supporting the IRS's decision to designate the trust arrangements described in the Notice as listed transactions.

87. As a result of the foregoing, Defendant's action in promulgating the Notice has harmed and will continue to harm Plaintiffs herein and other similarly situated taxpayers.

88. As a result, the Notice must be set aside.

**Count Four: Jeanette – Refund of § 6707A Penalty for 2015**

89. Plaintiff Jeanette incorporates by reference the above paragraphs of the within Complaint.

90. Based on the Judgment in the 2020 Litigation, Jeanette was not required to disclose her participation in the Govig DBT/RPT on a Form 8886.

91. Nonetheless, the IRS assessed, collected, and has failed to refund the § 6707A penalty for Tax Year 2015, despite Jeanette requesting such refund through filing a Form 843 on or about March 10, 2021.

92. The IRS has not refunded Jeanette's overpayment of $29,111.26.

93. The IRS has not disallowed Jeanette's claim for refund.

13

94. I.R.C. § 6532(a)(1) requires taxpayers to wait at least six months from the date a refund claim was filed before filing suit if the claim has not been acted upon by the IRS. Jeanette has waited more than six months from March 10, 2021 to file this suit.

95. As a result of the IRS's failure to act on Jeanette's claim for refund, Jeanette has overpaid § 6707A penalties for her Tax Year 2015 in the amount of $29,111.26. Jeanette is entitled to a refund and interest as allowed by law.

**Count Five: Declaratory Judgment**

96. Plaintiffs incorporate by reference the above paragraphs of the within Complaint.

97. The Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure grant this Court authority to declare Plaintiffs' legal rights when an actual controversy exists between the parties.

98. As stated herein, Plaintiffs and Defendant have adverse legal interests that are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment in accordance with 28 U.S.C. § 2201.

99. Having failed to comply with the notice-and-comment rulemaking requirements mandated by the APA and/or by violating the APA in other respects as alleged herein, the Notice was promulgated unlawfully and Plaintiffs have been and will continue to be adversely affected by Defendant's unlawful conduct, which is reviewable by this Court under the APA, 5 U.S.C. § 706.

100. The IRS acted unlawfully in promulgating the Notice, and continues to act unlawfully by its failure and/or refusal to rescind penalties assessed against Plaintiffs in 2015-2017. The penalties proposed for 2015 with respect to Plaintiffs also are contrary to the Judgment in the 2020 Litigation.

101. Plaintiffs continue to incur actual damages as a result of the unlawful collection of the unlawfully assessed penalties, which damages Plaintiffs seek to mitigate,

despite the remedies available to the Plaintiffs under 26 U.S.C. § 7433, by having all penalties imposed under the unlawful Notice rescinded.

102. Plaintiffs have no adequate or available administrative remedy despite the Defendant's substantially unjustified continued collection efforts. In the alternative, any effort to obtain an administrative remedy would be futile.

103. Plaintiffs are entitled to have the penalties assessed against Plaintiff GA, Todd, Richard and Jeanette, as more fully described in Paragraph 2, *supra*, rescinded and, accordingly, requests that the Court issue a declaratory judgment providing for this specific remedy.

### Prayer for Relief

WHEREFORE, Plaintiffs respectfully request the following relief:

a) An order and judgment setting aside Notice 2007-83;

b) An order declaring that Notice 2007-83 is unlawful and invalid as it has been set aside in *Mann Constr. Inc.* and, therefore, the Govig DBT/RPT is not subject to the reporting requirements of Notice 2007-83;

c) An order requiring Defendant to rescind the § 6707A penalties assessed on Plaintiffs in 2020 with respect to Tax Years 2015-2017 on the basis that Notice 2007-83 is unlawful, has been set aside, and the Govig DBT/RPT is not subject to Notice 2007-83;

d) An order requiring the Defendant to issue a refund to Jeanette for the § 6707A penalties paid for 2015, together with statutory interest on the amounts to be refunded and any other relief to which Jeanette may be entitled;

e) All other relief to which Plaintiffs may be entitled, including an award of costs and attorneys' fees in accordance with 26 U.S.C. § 7430.

RESPECTFULLY SUBMITTED this this 8<u>th</u> day of April, 2022.

*/s/ Brandon A. Keim*
Brandon A. Keim (028831)
**FRAZER RYAN GOLDBERG & ARNOLD LLP**
1850 N. Central Ave, Suite 1800
Phoenix, AZ 85004
Phone: 602-200-7399
E-mail: bkeim@frgalaw.com

*/s/ Matthew C. Miller*
Walter A. Lucas (0068150)
Samuel J. Lauricia III (0078158)
Matthew C. Miller (0084977)
**WESTON HURD LLP**
1301 E. 9th Street, Suite 1900
Cleveland, Ohio 44114
Phone:  216-241-6602; Fax:  216-641-8369
E-mail:  WLucas@westonhurd.com
           SLauricia@westonhurd.com
           MMiller@westonhurd.com

(Pending Pro Hac Vice Applications)

*Attorneys for Plaintiffs*